JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL GALLOWAY, | Case No. 5:18-00638 AG (ADS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| BUREAU OF PRISONS, et al., | |
| Defendant. | |

## I. <u>INTRODUCTION</u>

Plaintiff Michael Galloway, a federal prisoner at the United States Penitentiary, Victorville, California proceeding <u>pro se</u>, filed a First Amended Complaint under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). [Dkt. No. 19]. On July 12, 2019, during screening, the Court dismissed the First Amended Complaint with leave to amend and granted Plaintiff leave to file a Second Amended Complaint by no later than August 2, 2019. [Dkt. No. 22]. On October 4, 2019, the Court issued an Order to Show

Cause Why Case Should Not Be Dismissed for Failure to Prosecute and Obey Court Orders requiring a response by October 25, 2019. [Dkt. No. 23]. Despite warnings that the case may be dismissed, Plaintiff has not filed any response to the July 12, 2019 Order Dismissing with Leave to Amend or to the October 4, 2019 Order to Show Cause. Plaintiff's last submission to the Court was filed on October 3, 2018. [Dkt. No. 21].

**II.     DISCUSSION**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since October 2018 and failed to respond to the Court's July 12, 2019 Order Dismissing with Leave to Amend or to the October 4, 2019 Order to Show Cause. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors

1 dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have
2 been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir.
3 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air
4 West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction
5 available as the Court has warned Plaintiff multiple times that the case would be
6 dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to
7 dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district
8 court need not exhaust every sanction short of dismissal before finally dismissing a case,
9 but must explore possible and meaningful alternatives."). Finally, although the fourth
10 factor always weighs against dismissal, here Plaintiff's failure to discharge his
11 responsibility to move the case towards a disposition outweighs the public policy
12 favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652
13 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it
14 is the responsibility of the moving party to move towards that disposition at a
15 reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed
16 these factors, the Court finds that dismissal of this action without prejudice is
17 warranted.
18 *///*
19 *///*
20 *///*
21 *///*
22 *///*
23 *///*
24 *///*

### III. CONCLUSION

Accordingly, this action is dismissed without prejudice for failure to prosecute. Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: November 18, 2019

_____
THE HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

___/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge